IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 04-10039-01-WEB |
| JAMES E. WARRICK, | ) ) ) |
| Defendant. | ) ) ) |

**Memorandum and Order**

This matter came before the court on the defendant's objections to the Presentence Report and his motion for downward departure. The court ruled orally on these matters at the sentencing hearing of January 3, 2005. This written memorandum will supplement the court's oral ruling.

*Objections*.

1. *Offense Conduct*. Defendant first argues that the description of the offense conduct in the Presentence Report should include statements he made to law enforcement officers, including statements that the shotgun was the only thing his father left him, that he did not know he could not possess a firearm, and that some unknown person at County Probation told him he could have long guns and could hunt. Defendant also argues the Report should include the fact that there were no shotgun shells found in or around the firearm.

Although it will not affect the sentence in this case, the court will sustain defendant's first objection and will consider the foregoing statements as part of the description of the offense conduct in the PSR.

2. *1987 Burglary Conviction*. Defendant next objects to the finding in ¶ 32 that he has a prior

conviction for Burglary, Felony Theft and Theft. Defendant argues this conviction was expunged and should not be counted. *See* USSG § 4A1.2(j) (expunged convictions are not counted).[1] Defendant notes that the Presentence Report finds the conviction should be counted because the expungement was not based on actual innocence or an error of law, but was for the purpose of restoring civil rights. Defendant argues that such a factual finding and the counting of the conviction would violate his constitutional right to due process and his right to trial by jury as announced in *Apprendi v. New Jersey* and *Blakely v. Washington*.[2] He points out the Government has not alleged, nor has he admitted, that the expungement was to restore his civil rights, and he argues that under *Blakely* the basis for the expungement presents a question of fact that cannot be determined by the sentencing court.

Based on the foregoing objection, defendant also argues that his base offense level should be 6 (instead of 20) pursuant to USSG § 2K2.1(b)(2). The Presentence Report states that the defendant is not eligible for the base offense level of 6 because his prior conviction for Burglary is a "crime of violence" that makes him subject to subsection (a)(4) of §2K2.1. If the defendant's objections were sustained, defendant argues he would be in "Zone A" of the sentencing guidelines and would be eligible for probation.

---

[1] In *United States v. Cox*, 83 F.3d 336 (10th Cir. 1996), the court stated that under Section 4A1.2(j), a sentencing court must determine the basis for the expungement when deciding whether prior convictions should be included in calculating a defendant's criminal history category. Convictions reversed or vacated for reasons related to constitutional invalidity, innocence, or errors of law are expunged for purposes of the Guidelines and therefore cannot be included in criminal history calculations. When convictions are set aside for reasons other than innocence or errors of law, however, such as to restore civil rights or remove the stigma of a criminal conviction, those convictions are counted for criminal history purposes. *See also United States v. Hines*, 133 F.3d 1360 (10th Cir. 1998) (a state's use of the term "expunge" is not controlling in determining whether a conviction is counted under the guidelines; instead the sentencing court is to examine the grounds on which the sentence was expunged).

[2] Defendant did not waive his *Blakely* rights as part of the plea agreement in this case.

In *Blakely v. Washington*, 124 S.Ct. 2531 (2004), the Supreme Court characterized the *Apprendi* rule as follows: "[O]*ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 124 S.Ct. at 2536. The Tenth Circuit and other courts have recognized that this created an exception to the *Apprendi* rule for issues relating to the fact of a prior conviction. Under this exception, the issue of whether a defendant has a prior conviction and how that conviction is characterized are not subject to *Blakely* or *Apprendi* and may be decided by the sentencing court under the Guidelines. *See United States v. Higgins*, 2004 WL 2730133 (10th Cir., Dec. 1, 2004); *United States v. Rice*, 110 Fed.Appx. 855 (10th Cir. 2004); *United States v. Cooper*, 375 F.3d 1041, 1052, n.3 (10th Cir. 2004). The court concludes that the issue of whether defendant's prior Burglary conviction was "expunged" within the meaning of the Guidelines falls within this exception, and the court can therefore determine the issue without violating *Blakely*.

As for the merits of defendant's expungement argument, based on the Order of Expungement and the Journal Entry relating to the 1987 burglary conviction, the court finds the conviction was not set aside due to innocence or errors of law, but rather because the defendant was eligible under Kansas law for expungement for the purpose of restoring his civil rights. *See* K.S.A. § 21-4619 (permitting expungement for certain offenses where five years have passed since completion of the sentence and the defendant has not been convicted of a felony in the past two years; but also providing that upon a conviction for any subsequent crime, the conviction may be considered as a prior conviction in determining the sentence to be imposed). As such, the court concludes that the prior Burglary conviction is properly counted in the Criminal History, and defendant's objections relating to this conviction are denied.

*Motion for Downward Departure*.

Defendant argues a downward departure is warranted based on several factors. He argues that he voluntarily disclosed the offense to law enforcement officers before it was discovered, and that this weighs in favor of a departure under USSG § 5K2.16. He says he disclosed that he was a felon in possession of the gun while officers were investigating his wife and his son for a different offense, and that the offense would not likely have been discovered otherwise. Defendant also argues that this case is outside the heartland of cases under the Guidelines because he possessed the gun not as a weapon, but as a family heirloom. He claims it was the only thing his father left him. He also points out there were no shotgun shells with the gun. He notes that the gun was a 12-gauge pump shotgun and was not used in a crime of violence or a drug crime, and he argues these facts weigh in favor of a departure, particularly in view of the fact that the guidelines permit an upward departure for possession of dangerous weapons like high-capacity semi-automatic guns. Defendant also argues that the Criminal History Category significantly over-states the seriousness of his actual criminal history because it includes the Burglary conviction from when he was 19 years old (approximately 17 years ago). Finally, defendant argues that other factors, such as his completion of a Residential Community Corrections Program, his completion of substance abuse treatment, and his stable employment as a truck driver and support of his family since February of 2004, all weigh in favor of a departure.

When considering a departure, the Supreme Court has instructed the sentencing court to ask: 1) What features of this case, potentially, take it outside the Guidelines' "heartland" and make of it a special, or unusual, case? 2) Has the Commission forbidden departures based on those features? 3) If not, has the Commission encouraged departures based on those features? 4) If not, has the Commission discouraged

departures based on those features? *Koon v. United States*, 518 U.S. 81, 95 (1996).

The court concludes that the defendant's explanation of why he had the firearm in this case does not constitute sufficient grounds for a departure. Under these circumstances, the court may grant a downward departure only if it finds there exists a mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that, in order to advance the objectives of 18 U.S.C. § 3553(a)(2), should result in a sentence different from that described. *See* USSG § 5K2.0. Although the defendant's explanation for his possession of the firearm may merit a sentence at the bottom of the guideline range, the court concludes such a factor is not sufficient to merit a departure from the applicable range.

The court also rejects the defendant's argument that his rehabilitation efforts warrant a departure. "[P]ost-offense rehabilitation is accounted for in the context of the acceptance of responsibility adjustment under U.S.S.G. § 3E1.1, comment. (n. 1(g)), and thus may not serve as a basis for departure unless it is present to an exceptional degree." *United States v. Benally*, 215 F.3d 1068, 1075 (10th Cir. 2000). The defendant's efforts are so unusual or exceptional as to warrant a departure.

The court also rejects defendant's argument that a criminal history category of III over-states the seriousness of his criminal history. Section 4A1.3 encourages a departure "if reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes...." USSG § 4A1.3(b)(1). In addition to his 1987 Burglary (and felony theft) conviction, defendant has a 2000 conviction for possession of cocaine and marijuana and contributing to a child's misconduct; a 2002 conviction for Aggravated Battery; and three or four other adult convictions that resulted in no points being

added to his criminal history score. The court cannot find under these circumstances that a departure is warranted based on inadequacy of the criminal history category.

The court finds that a departure is warranted, however, based on the defendant's disclosure of the offense to authorities. Section 5K2.16 encourages a departure where the defendant voluntarily discloses the offense under certain circumstances. The court concludes the defendant has met the prerequisites for such a departure. As for the extent of the departure, any such departure must be reasonable and must be made in consideration of the factors in 18 U.S.C. § 3553(a). The court may use any reasonable methodology hitched to the Sentencing Guidelines to justify the reasonableness of a departure, which includes using extrapolation from or analogy to the Guidelines. *United States v. Collins*, 122 F.3d 1297, 1308-09 (10th Cir.1997). An appropriate analogy under these circumstances is the guideline for acceptance of responsibility, which provides for a 2-3 level reduction for a defendant who has affirmatively accepted responsibility for his offense. The court concludes that an additional 3-level reduction is appropriate in these circumstances to reflect the defendant's voluntary disclosure of the offense. Accordingly, the court grants the defendant's motion for downward departure to that extent.

*Conclusion*.

Defendant's objections to the Presentence Report are GRANTED IN PART and DENIED IN PART as set forth above. Defendant's Motion for Downward Departure (Doc. 31) is GRANTED to the extent set forth above. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this 4th Day of January, 2005, at Wichita, Ks.

                s/Wesley E. Brown
                Wesley E. Brown
                U.S. Senior District Judge